a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONTA MIGUEL MILLER,<br>Petitioner | CIVIL DOCKET NO. 1:19-CV-1448-P |
| VERSUS | JUDGE DRELL |
| WARDEN,<br>Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by *pro se* Petitioner Donta Miguel Miller ("Miller") (#21157-058). Miller is an inmate in the custody of the Federal Bureau of Prisons incarcerated at the United States Penitentiary in Pollock, Louisiana. Miller challenges his conviction and sentence for unlawful possession of a firearm.

Because Miller cannot meet the requirements of the savings clause of 28 U.S.C. § 2255, the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction.

I. **Background**

Following a guilty plea, Miller was convicted of two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1) and 924(e). Miller was sentenced to a total term of 293 months of imprisonment. (5:06-CR-00042, W.D. N.C.; Doc. 19).

Miller filed a motion to vacate under § 2255, arguing that his prior felony convictions no longer supported the two counts of possession of a firearm by a

convicted felon. *Miller v. United States*, 5:06-CR-00042, 2013 WL 34704, at *1 (W.D.N.C. Jan. 3, 2013). The motion was denied as untimely. *Id.*

Miller filed a motion in the United States Court of Appeals for the Fourth Circuit seeking authorization to file a second or successive § 2255 petition under *Johnson v. United States*, 135 S.Ct. 2551 (2015). The appellate court denied Miller's application because Miller had at least three remaining proper predicate convictions under the Armed Career Criminal Act even after *Johnson*. (No. 5:06-CR-00042, W.D. N.C.; ECF No. 32).

Next, Miller filed a Motion to Reduce Sentence Pursuant to the First Step Act of 2018. (No. 5:06-CR-00042, W.D. N.C.; ECF No. 33). The district court denied the motion because Miller was not entitled to a sentence reduction under the First Step Act, which relates to drug trafficking sentences. (5:06-CR-00042, W.D. N.C.; ECF No. 33).

Now Miller challenges his convictions under *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

II. Law and Analysis

A federal prisoner may challenge his sentence under either 28 U.S.C. §§ 2241 or 2255. Though closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000).

A § 2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. *See Reyes–Requena v. U.S.*, 243 F.3d 893, 900–01 (5th Cir. 2001) (citing *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000)). In contrast,

a § 2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. *See Cox v. Warden, Federal Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990) (citing *United States v. Flores*, 616 F.2d 840, 842 (5th Cir. 1980)). Claims cognizable under § 2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law . . . or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. § 2255(b).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a § 2241 petition may not be used to challenge the validity of a federal sentence and conviction. *See Pack*, 218 F.3d at 452. The clause allows a prisoner to rely on § 2241 if the remedy available under § 2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The petitioner bears the burden of affirmatively proving the inadequacy of § 2255. *See McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979).

To fall under the savings clause of § 2255, a petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition. *See Reyes–Requena*, 243 F.3d at 904.

Miller argues that he may proceed under the savings clause because *Rehaif* announced a new rule of law that applies retroactively. However, in Rehaif, the Supreme Court merely clarified that, in prosecuting an individual under 18 U.S.C. § 922(g) and 18 U.S.C. § 924(a)(2)—which provides that anyone who "knowingly violates" § 922(g) can be imprisoned for up to 10 years—the government must prove that the defendant knew he violated each of the material elements of § 922(g). *Rehaif,* 139 S. Ct. at 2195-96. Thus, *Rehaif* did not announce a new rule of constitutional law. Rather, *Rehaif* addressed an interpretation of statutory law. *United States v. May*, 3:16-CR-127, 2019 WL 6310195, at *2 (S.D. Ohio Nov. 25, 2019), report and recommendation adopted, 2019 WL 6893546 (S.D. Ohio Dec. 18, 2019) ("Certainly *Rehaif* embodies a new rule of criminal procedure, but it is not a constitutional rule, but rather a rule of statutory interpretation."); *United States v. Class*, 930 F.3d 460, 469 (D.C. Cir. 2019) (stating that *Rehaif* resolved a matter of statutory construction); *Littlejohn v. United States*, 2019 WL 6208549, at *2 (W.D. N.C. 2019) ("*Rehaif* did not announce a new rule of constitutional law but rather clarified the requirements of 18 U.S.C. § 922(g) and 924(a)(2).").

Moreover, *Rehaif* does not apply retroactively to cases on collateral review. *See In re: Palacios*, 931 F.3d 1314, 1315 (11th Cir. 2019); *Moore v. United States*, 2019 WL 4394755, at *1 (W.D. Tenn. 2019); *Nixon v. United States*, 2019 WL 6498088, at *3 (N.D. Tex. 2019) (*Rehaif* did not announce a new rule made retroactive; it merely interpreted § 922(g)).

### III. Conclusion

Because Miller cannot meet the requirements of the savings clause of § 2255(e), the Petition (ECF No. 1) should be DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Miller's claim.[1]

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), any party may serve and file with the Clerk of Court written objections to this Report and Recommendation within fourteen (14) days after being served with a copy thereof, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections or reply briefs) may be filed, unless a party shows good cause and obtains leave of court. The District Judge will consider timely objections before issuing a final ruling.

A party's failure to file written objections to the proposed factual findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days after being served with a copy thereof, or within any extension of time granted by the Court under Fed.R.Civ.P. 6(b), shall bar that party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

---

[1] *Pack*, 218 F.3d 448, 454 (5th Cir. 2000) ("Because the district court did not rule on the merits of Pack's claim, his petition should be dismissed with prejudice regarding the jurisdictional issue only, and dismissed *without prejudice* regarding all other issues."); *Reed v. Young*, 471 Fed. Appx. 284, 285 (5th Cir. 2012) (unpublished) (because the district court lacked jurisdiction, its judgment should reflect that the dismissal was with prejudice as to the jurisdictional issue, and without prejudice as to the merits of Reed's claim).

THUS DONE AND SIGNED in Alexandria, Louisiana, on this __21st__ day of January 2020.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE