UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **DONTA MIGUEL MILLER #21157-058** | **CASE NO. 1:19-CV-01448 SEC P** |
| **VERSUS** | **JUDGE DRELL** |
| **WARDEN U S P POLLOCK** | **MAGISTRATE JUDGE PEREZ-MONTES** |

## RULING AND JUDGMENT

Before the court is a "Motion to Alter or Amend Judgment" (Doc 14) filed by *pro se* Petitioner Donta Miguel Miller ("Miller") (#21157-058). Miller seeks to alter or amend this court's judgment (Doc. 13) which dismissed his petition under 28 U.S.C. §2241. Therein, he argues "[t]he Court's Judgment dismissing Mr. Miller's petition, signed on March 19, 2020, notes 'the absence of objections' to the R&R and does not reflect *de novo* review of the portions of the R&R to which Mr. Miller timely objected." (Doc. 14, p.2). It is for this very reason that the court vacated the judgment (Doc. 15).

Having conducted an independent review of the record, including the objections filed by Miller, we have determined that the findings and the recommendation to dismiss Miller's §2241 petition for failure to meet the savings clause of §2255(e) are correct under the applicable law. However, the judgment does warrant clarification. Accordingly, we issue the following memorandum in support of our findings.

**Background**

Miller pleaded guilty to two counts of possession of a firearm by a convicted felon in violation of 18 U.S.C. §922(g)(1) and 924(e). Miller was sentenced to a total term of 293 months of imprisonment. (5:06-CR-00042, W.D.N,C. Doc. 19). Miller appealed his sentence but voluntarily withdrew the appeal. (No. 08-4525, 4th Cir., Doc. 12).

Miller filed a motion to vacate under §2255 arguing that his prior felony convictions no longer supported the two counts of possession of a firearm by a convicted felon. Miller v. United States, 5:06-CR-00042, 2013 WL 34704, at *1 (W.D.N.C. Jan 3, 2013). The sentencing court denied the motion as untimely. Id.

Miller next filed a motion in the United States Court of Appeals for the Fourth Circuit seeking authorization to file a second or successive §2255 petition under Johnson v. United States, 135 S.Ct. 2551 (2015). The Fourth Circuit denied Miller's application because Miller had at least three remaining proper predicate convictions under the Armed Career Criminal Act. (No. 5:06-CR-00042, W.D.N.C.; Doc. 33). The sentencing court denied the motion because Miller was not entitled to a sentence reduction under the First Step Act, which relates to drug trafficking sentences. (Id.).

Miller now challenges his conviction under Rehaif v. United States, 139 S.Ct. 2191 (2019).[1]

**Law and Analysis**

A federal prisoner may challenge his sentence under either 28 U.S.C. §2241 or §2255. Although closely related, these two provisions are "distinct mechanisms for seeking post-conviction relief." Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir.2000).

A §2241 petition may be filed by a prisoner challenging the manner in which his sentence is being executed. See Reyes-Requena v. U.S., 243 F.3d 893, 900-01 (5th Cir.2001) (citing Warren

---

[1] In Rehaif, the petitioner was an alien who entered the country on a nonimmigrant student visa to attend college but was dismissed for poor grades. Id. at 2194. The university told the petitioner that his "immigration status" would be terminated unless he transferred to a different university or left the country. Id. The petitioner subsequently visited a firing range, where he shot two firearms. After learning of the petitioner's visit to the firing range, the Government prosecuted him for possessing firearms as an alien unlawfully present in the United States under 18 U.S.C. §922(g) and §924(a)(2). After being convicted, the United States Supreme Court ultimately granted certiorari and held that, in a prosecution under §922(g), the Government must prove that a defendant knows of his status as a person barred from possessing a firearm. Id. at 2195.

2

v. Miles, 230 F.3d 688, 694 (5th Cir.2000)). In contrast, a §2255 motion should be used to vacate, set aside, or correct a sentence based on errors that occurred at or prior to sentencing. See Cox. V. Warden, Federal Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990) (citing United States v. Flores, 616 F.2d 840, 842 (5thC ir.1980)). Claims cognizable under §2255 are broadly defined to include allegations that "judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law…or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable." 28 U.S.C. §2255(b).

Section 2255 contains a "savings clause" provision, which is a limited exception to the rule that a §2241 petition may not be used to challenge the validity of a federal sentence and conviction. See Pack, 218 F.3d at 452. The clause allows a prisoner to rely on §2241 if the remedy under §2255 would be "inadequate or ineffective to test the legality of his detention." 28 U.S.C. §2255(e). "A §2241 petition is not a substitute for a motion under §2255, and the burden of coming forward with evidence to show the inadequacy or ineffectiveness of a motion under §2255 rests squarely on the petitioner." Jeffers v. Chandler, 253 F.3d 827, 830 (5th Cir.2001).

Miller first objects to the portion of the Report and Recommendation noting that Rehaif did not announce a new rule of constitutional law. Miller specifically argues the requirement that a case announce a "new rule of constitutional law" applies to second and successive habeas petitioner under 28 U.S.C. §2255(h) and not the savings clause of §2255(e) under which Miller seeks to proceed. (Doc. 12) .

Under §2255(h), a second or successive motion must be certified as provided in §2244 by a panel of the appropriate court of appeals to contain: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the

offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. §2255(F0h). Therefore, Miller is correct that the requirement that a case announce a "new rule of constitutional law" only applies to relief under §2255(h) and not §2255(e).

However, under both provisions, the case must apply retroactively on collateral review. Because Miller cannot meet the retroactivity requirement, he cannot proceed under the savings clause. In further clarification, the discussion of §2255(h) in the Report and Recommendation was obviously intended to illustrate that Miller's §2241 Petition is really a "second or successive" claim under §2255(h), and that Miller's inability to meet the requirement of §2255(h) does not make §2255 "inadequate or ineffective" to test the legality of his detention. See Pack, 218 F.3d at 453; Tolliver v. Dobre, 211 F.3d 876, 877 (5th Cir.2000) (a petitioner cannot circumvent the restrictions on filing successive §2255 motions with a §2241 petition).

Even more specifically, Miller objects that "[c]ontrary to the R&R's conclusion…Mr. Miller's claim meets the Fifth Circuit's savings clause retroactivity requirement which simply requires that 'his claim is based on a retroactively applicable Supreme Court decision.'" (Doc. 12, p.4). This contention is incorrect in that the savings clause requires more in this circuit per Reyes-Requena, as set forth below. Nonetheless, the inquiry must stop here as Miller cannot show that Rehaif does not supply the retroactivity requirement.

As discussed in the Report and Recommendation (Doc. 7), the requirements of the savings clause of §2255(e) were established in Reyes-Requena. A petitioner must demonstrate that: (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he as "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been

foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original §2255 petition. See Reyes-Requena, 243 F.3d at 904; Robinson v. United States, 812 F.3d 476-477 (5th Cir.2016).

Miller argues that he may proceed under the savings clause because Rehaif announced a new rule of law that applies retroactively. However, as indicated in the Report and Recommendation, Rehaif is not a retroactively applicable decision (Doc. 7, p. 4).

Although the Supreme Court and the Fifth Circuit Court of Appeals have not addressed whether Rehaif is retroactively applicable to cases on collateral review, the Eleventh Circuit and numerous other district court, including courts within the Fifth Circuit, have determined that Rehaif is not retroactively applicable. See In re Palacio, 931 F.3d 1314, 1315 (11th Cir.2019) (holding Rehaif was not made retroactive to cases on collateral review); Williams v. Underwood, 3:19-CV-2043, 2020 WL 1866895, at *2 (N.D. Tex. Mar. 17, 2020) (Rehaif does not satisfy the savings clause because it is not retroactively applicable), report and recommendation adopted, 2020 WL 1862576 (N.D. Tex. Apr. 14, 2020); Hobgood v. United States, 4:20-CV-1, 2020 WL 710149, at *2 (E.D. Tenn. Feb. 12, 2020 (same); United State v. Eugene, 09-CR-046, 2020 WL 587983, at *5 (E.D. La. Feb 6, 2020) (same); Hunter v. Quintana, 5:19-CV-300, 2020 WL 50399, at *2 (E.D. Ky Jan 3, 2020) (same); Nixon v. United States, 4:19-CV-747, 2019 WL 6498088, at *3 (N.D. Tex. Dec 3., 2019) (same); Dunbar v. Wilson, No. 3:19-CV-2066, 2019 U.S. Dist. LEXIS 225852, at *3 (N.D. Tex. Dec. 27, 2019) (same), report and recommendation adopted, 2020 U.S. Dist. LEXIS 13553 (N.D. Tex., Jan 28, 2020); Robbins v. Warden, FCI Beaumont, 1:19-CV-388, 2019 WL 5596829, at *1 (E.D. Tex. Oct. 30, 2019) (petitioner cannot meet requirements of Reyes-Requena through Rehaif); Moss v. Dobbs, 8:19-CV-02280, 2019 WL 7284989, at *7 (D.S.C. Sept. 23, 2019), report and recommendation adopted, 2019 WL 5616884 (D.S.C. Oct. 31, 2019). And

this court has consistently held in accord as well. See United States v. Hernandez, 2020 WL 982598, at *5 (W.D. La. Feb. 27, 2020) ("Rehaif does not apply retroactively to cases on collateral review."); United States v. Benton, 3:12-CR-118, 2020 WL 132276, at *2 (W.D. La. Jan 9, 2020); Gilkey v. Warden, 1:19-CV-1420-P, 2020 WL 420592, at *2 (W.D. La. Jan. 9, 2020), report and recommendation adopted, 2020 WL 428603 (W.D. La. Jan 27, 2020).

Therefore, even though §2255(e) does not require a petitioner to present a new rule of constitutional law, it does require a rule retroactively applicable on collateral review. Because Rehaif is not retroactively available to cases on collateral review, Miller cannot meet the first requirement of the savings clause. See Reyes-Requena, 243 F.3d at 904  Therefore, his Petition is second and successive.

In light of the foregoing, and having conducted an independent *de novo* review of the record, including the objections filed by Miller (Doc. 12), it is hereby

ORDERED that Miller's Petition for Writ of Habeas Corpus under 28 U.S.C. §2241 (Doc. 1) is hereby DISMISSED for lack of jurisdiction, WITH PREJUDICE as to the jurisdictional issue, and WITHOUT PREJUDICE as to the merits of Miller's claim.

IT IS FURTHER ORDERED that the Motion to Alter Judgment (Doc. 14) is, in all ways, MOOT.

THUS DONE AND SIGNED this 8TH day of ~~April~~ May 2020, at Alexandria, Louisiana.

DEE D. DRELL, JUDGE
UNITED STATES DISTRICT COURT